IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 21-00114-KD-N |
| | ) | |
| MOBILE COUNTY SHERIFF'S OFFICE | ) | |
| and MOBILE COUNTY SHERIFF | ) | |
| SAM COCHRAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on the Motion to Intervene filed by Michale Burrell, Manana Evans, Ella Finklea, Angela Garrett, Edwina Golston, Frankietta Horn, Mary James, Chasity Johnson, Lawanna Johnson, Nina Myrick, Christina Norwood, Lillian Sanders, Kieyun Washington and Larcenia Law (doc. 15). Upon consideration, and for the reasons set forth herein, the motion is GRANTED. Plaintiff-Intervenors shall file their Complaint in Intervention on or before **June 25, 2021**. Defendants shall file their answer or otherwise respond to the Complaint on or before **July 9, 2021**.

I. Background

The United States of America brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.,* alleging that the Mobile County Sheriff's Office and Sheriff Sam Cochran discriminated against current and former female Corrections Officers and all other similarly situated female employees on the basis of sex, in violation of Title VII, by subjecting them to a sexually hostile work environment at the Mobile County Metro Jail (doc. 1). Specifically, the Officers allege that they were sexually harassed by male inmates and Defendants failed to take corrective action to prevent and end the sexual harassment. (Id.)

Former and current Officers Michale Burrell, Manana Evans, Ella Finklea, Angela Garrett, Edwina Golston, Frankietta Horn, Mary James, Chasity Johnson, Lawanna Johnson, Nina Myrick, Christina Norwood, Lillian Sanders, who filed charges with the Equal Employment Opportunity Commission, have moved to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a) and 42 U.S.C § 2000e-5(f). Kieyun Washington and Larcenia Law, who did not file charges with the E.E.O.C., move to intervene as a matter of right pursuant to the "single filing" rule exception to the requirement that a plaintiff must first file a charge with the E.E.O.C. Alternatively, Washington and Law move to intervene with permission pursuant to Rule 24(b).

The United States does not oppose the motion (doc. 22). Defendants were given the opportunity to respond to the Motion (doc. 18) but did not file a response.

II. Statement of the law

In relevant part, Rule 24, provides for intervention in a civil action and sets forth as follows:

> (a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:
>     (1) is given an unconditional right to intervene by a federal statute; or …
> (b) Permissive Intervention.
>     (1) In General. On timely motion, the court may permit anyone to intervene who:
>         (A) is given a conditional right to intervene by a federal statute; or
>         (B) has a claim or defense that shares with the main action a common question of law or fact.
>     . . .
>     (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

Fed. R. Civ. P. 24.

Title 42 U.S.C. § 2000e-5 is the "enforcement provision" of the Civil Rights Act of 1964, as amended. Subparagraph (f)(1) provides, in relevant part, for a civil action by the E.E.O.C. or the

Attorney General after a charge has been filed with the E.E.O.C. by a person claiming to be aggrieved. The statute also provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision." Therefore, filing a charge of discrimination with the E.E.O.C. is a prerequisite to filing a civil action.

However, the Court of Appeals for the Eleventh Circuit recognized an exception to this requirement. Under the "single filing rule" a plaintiff who did not file a charge with the E.E.O.C. but whose allegedly similar discriminatory treatment occurred during the "same time frame" as the filing plaintiffs, may "piggyback" or "rely on the charges filed by other plaintiffs when it would be a 'useless act' for the non-filing plaintiffs to file their own charges." Hipp v. Liberty National Life Insurance Co., 252 F. 3d 1208, 1214, n.1, 1225 (11th Cir. 2001) (quoting Grayson v. K Mart Corp., 79 F.3d 1086, 1101 (11th Cir. 1996)). In Sheffield v. United Parcel Service, Inc., 403 Fed. Appx. 452, 454 (11th Cir. 2010), the Eleventh Circuit stated that to "qualify for this exception a plaintiff must show that '(1) the relied upon charge is not invalid, and (2) the individual claims of the filing and non-filing plaintiff arise out of similar discriminatory treatment in the same time frame.' " (quoting Calloway v. Partners Nat. Health Plans, 986 F.2d 446, 450 (11th Cir. 1993)). Several courts have interpreted the latter requirement to mean that the non-filing plaintiff must have been able to file a charge of discrimination on the date the filing plaintiff filed a charge. Sheffield, 403 Fed. Appx. 454-455 (explaining the rearward and forward scope of the single filing rule and stating that "[i]n other words, in order to piggyback, 'a plaintiff must have been able to file his or her charge of discrimination on the date the representative plaintiff filed the [EEOC] charge.'") (quoting Hipp, 252 F. 3d at 1214); E.E.O.C. v. J & R Baker Farms, LLC, 2015 WL 4527044, at *3 (M.D. Ga. July 27, 2015) (same).

III. Analysis

In the Complaint, the United States alleges that the E.E.O.C. received timely charges of discrimination from the Officers (with the exception of Washington and Law), the Charging Parties, on October 26, 2015 (doc. 1, p. 2, ¶4). Defendants admit that "the named charging parties filed charges of discrimination" with the E.E.O.C. (doc. 23, p. 1, ¶ 4, amended answer). After the charges were filed, the United States filed the instant Complaint. Thus, the Officers who are Charging Parties in the Complaint are "persons aggrieved" as identified in 42 U.S.C. § 2000e-5(f)(1). Therefore, they have a statutory right to intervene pursuant to Fed. R. Civ. P. 24(a)(1). Accordingly, the motion to intervene as a matter of right under 42 U.S.C. § 2000e-5(f)(1) and Fed. R. Civ. P. 24(a)(1) is granted as to Officers Burrell, Evans, Finklea, Garrett, Golston, Horn, James, C. Johnson, L. Johnson, Myrick, Norwood, and Sanders.

Officers Washington and Law, who did not file charges with the E.E.O.C., also move to intervene as a matter of right based upon the "single filing rule" exception to the requirement that a plaintiff must first exhaust their administrative remedies by timely filing a charge with the E.E.O.C. before filing a complaint (doc. 15, p. 4-5). Officers Washington and Law state that they were employed during the same time frame and were subject to the same discriminatory treatment as the Officers who filed the charges. Based thereon, Washington and Law argue that they are "persons aggrieved" under 42 U.S.C. § 2000e-5 and permitted to rely on the timely charges filed by the other Officers; and therefore, their motion to intervene as a matter of right should be granted.

Defendants did not respond to the motion to intervene and did not dispute the timeliness or validity of the charges of discrimination filed by the Officers on October 26, 2015. Thus, Washington and Law satisfy the first requirement of the single filing rule. Sheffield, 403 Fed. Appx. at 454.

As to the second requirement, that their claims arise out of the same or similar discriminatory treatment during the same time frame, Washington and Law state they were subject to the same sexual discrimination and harassment during the same time period as the Officers who filed their EEOC charges in October 2015 (doc. 15, p. 5). In the Complaint in Intervention, Washington alleges that she was employed as a Correctional Officer from June 2012 until June 2018 (doc. 15-1, p. 4). During the first four years of her employment, 2012 through 2016, she was assigned to the housing units supervising mail inmates (Id.). Law alleges that she was assigned to the Jail's housing unit supervising male inmates from June 2012 to the present. She was a Correctional Officer from June 2012 through 2016 when she became a Corporal (doc. 15-1, p. 5). In the Complaint in Intervention, Washington and Law both allege similar conduct by the male inmates as that alleged in the Complaint (*Cf.* doc. 1 with doc. 15-1).

Since Washington and Law have made allegations which show that they would have been able to file their charges of discrimination in October 2015, the second requirement of the single filing rule has been met. Sheffield, 403 Fed. Appx. at 454. Accordingly, the motion to intervene as a matter of right under 42 U.S.C. § 2000e-5(f)(1) and Fed. R. Civ. P. 24(a)(1) is granted as to Officers Washington and Law.[1]

DONE and ORDERED this the 11th day of June 2021.

        s/ Kristi K. DuBose
        KRISTI K. DuBOSE
        CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Since Washington and Law may intervene as a matter of right, the Court need not address their alternative motion for permissive intervention under Rule 24(b)(1)(B).