# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br><br>MOBILE COUNTY SHERIFF'S OFFICE and<br>MOBILE COUNTY SHERIFF SAM COCHRAN<br>(in his official capacity),<br>     Defendants. | Civil Action No. 1:21-cv-00114-KD-N |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f), the following individuals met on June 4, 2021 via teleconference:

  Taryn Wilgus Null, Alicia D. Johnson, and Juliet E. Gray for Plaintiff
  John C. Davis for Plaintiff-Intervenors
  Jacqueline M. McConaha for Defendants.

The Parties do not request a conference with the Court before entry of the scheduling order.

  1. Narrative Statements

    a. Plaintiff and Plaintiff-Intervenor's brief narrative statement of the facts and the cause of action

Plaintiff, the United States of America, and the Plaintiff-Intervenors allege that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a), by failing to take prompt and effective action to remedy severe and pervasive sexual harassment perpetrated by male inmates against current and former female corrections officers and similarly

situated female employees at the Mobile Metro Jail. Twelve of these current and former female corrections officers filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which found reasonable cause to believe that the Mobile County Sheriff's Office violated Title VII by subjecting female corrections officers to a sexually hostile work environment.

The harassment perpetrated on the female corrections officers was egregious, including male inmates exposing their genitals, masturbating at the officers, and directing sexual slurs, sexual propositions, threats of sexual violence, and sexually degrading comments at the officers. Despite having knowledge of the severity and frequency of the harassment, Defendants not only failed to take effective action to stop the harassment, but were dismissive of the officers' complaints, in violation of their obligations under Title VII.

      b.  Defendants' brief narrative statement of the facts and defenses

Defendant, Sheriff of Mobile County, states that the Metro Jail has taken all legal and reasonable measures to address the inmate misconduct complained of in Plaintiffs' Complaints. Metro Jail inmates also have constitutional rights, a fact which limits sanctions that can be imposed for these behaviors. Inmates housed at the Metro Jail include persons who have been convicted of major crimes and are awaiting transport to a state correctional facility, inmates who are incorrigible and require maximum security, and inmates with mental health challenges. Corrections personnel are required to keep inmates under surveillance for the safety of everyone, a circumstance which is exploited by some inmates.

The Metro Jail has procedures for inmates who commit offenses. Upon reports of misconduct by Corrections personnel, misconduct is investigated and inmate due process disciplinary hearings are held. Sanctions imposed on inmates include administrative segregation

[a period of confinement to a housing area where privileges are severely limited or absent]; removal of visitation, commissary, telephone, and other privileges; and putting inmates in pink uniforms.

Corrections personnel are provided training on dealing with this type of inmate misconduct. They are encouraged to report these inmates for discipline through the Metro Jail's inmate disciplinary process. Corrections personnel are also encouraged to file criminal charges against these inmates. Despite this, Corrections personnel have failed to consistently file inmate disciplinary reports or to follow through with pursuing criminal charges. The Metro Jail has two Mobile County Sheriff's Office Deputies assigned to Jail issues and they are available to work with Corrections personnel who have had inmates direct this type of misconduct toward them. The Metro Jail has an updated video system to enhance surveillance of inmates. The Sheriff's Office has developed an agreement with the Mobile County District Attorney's Office which allows one of the Metro Jail Deputies to sign the criminal warrant if the inmate offense can be observed by the Deputy on the surveillance video and if the offense is a misdemeanor. Metro Jail administration takes complaints of inmate misconduct and crimes seriously and responds to each reported and known incident appropriately.

2.  This jury action should be ready for trial on liability by December 2022, or approximately 45 days after a ruling denying any motion for summary judgment. Where, as here, a Title VII plaintiff alleges that a defendant has engaged in a pattern or practice of discrimination affecting employees beyond those present as parties in the case, proceedings are often bifurcated in accordance with the framework established in *International Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977). The Parties agree that it would promote efficiency and judicial economy to bifurcate trial on liability from determinations of individual

relief for similarly situated non-parties.  As such, the parties propose to enter into a stipulation delineating the parameters of bifurcation, to be submitted to the Court within 30 days of the date this Report is filed.   At this time, a trial on liability is expected to take up to 10 days, excluding jury selection.

       3.       The Parties request a final pretrial conference in November 2022, or 30 days after a ruling denying any motion for summary judgment.

       4.       Discovery Plan.  The Parties jointly propose to the Court the following discovery plan.

       a.    Discovery will be needed on the following subjects:  The allegations in Plaintiff's complaint and Plaintiff-Intervenors' Complaint, including but not limited to the nature and frequency of any sexual harassment experienced by female corrections officers and similarly situated female employees at the Mobile Metro Jail, Defendants' knowledge of such harassment, any actions Defendants took or failed to take in response to such harassment claims, any damages incurred by the female corrections officers and similarly situated female employees at the Mobile Metro Jail, and the defenses raised by the Defendants.

       b.    All discovery will be commenced in time to be completed by June 3, 2022, with fact discovery ending on March 4, 2022 and expert discovery ending on June 3, 2022.

       5.       Initial Disclosures.  The Parties will exchange by June 25, 2021 the information required by Fed. R. Civ. P. 26(a)(1).

       6.       The Parties request until October 8, 2021 to join additional Parties and amend pleadings.

7. Reports from retained experts under Rule 26(a)(2) due: March 4, 2022. Any rebuttal reports are due May 3, 2022.

8. Pretrial Disclosures. Final lists of witnesses and exhibits under Rule 26(a)(3) due by 30 days prior to trial.

9. Discovery Limits.

Maximum of 25 interrogatories by Defendants and Plaintiff United States to the other party. Defendants may serve a maximum of 25 interrogatories on each Plaintiff-Intervenor. The Plaintiff-Intervenors as a group may serve a maximum of 30 interrogatories on Defendants; provided, however, that Defendants agree that an interrogatory that seeks the same type of information for each of the Plaintiff-Intervenors shall count as one interrogatory. Responses due 30 days after service.

Maximum of 28 depositions by Defendants, 28 depositions by Plaintiff United States and 28 depositions by the Plaintiff-Intervenors as a group, not including expert depositions. Each party may depose any expert(s) designated by an opposing party. The length of each deposition shall be governed by Fed. R. Civ. P. 30(d).

Requests for admission shall be governed by Rule 36 of the Federal Rules of Civil Procedure. Responses due 30 days after service.

Requests for production of documents shall be governed by Rule 34 of the Federal Rules of Civil Procedure. Responses due 30 days after service.

10. All potentially dispositive motions filed by July 12, 2022, or in the event the discovery deadline is extended, 30 days after the close of discovery.

11. Settlement cannot be effectively evaluated prior to some discovery being taken.

12. Electronic Discovery. The Parties understand and acknowledge their obligations to preserve electronically stored information ("ESI") and have undertaken steps necessary to preserve discoverable information and documents. The Parties are continuing to confer as to the exchange of ESI and expect to execute a stipulation and proposed order governing such discovery.

13. Privilege. Issues regarding claims of privilege or of protection of trial-preparation materials shall be governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The Parties agree that they do not need to take steps to preserve for purposes of this litigation and to exempt from inclusion in privilege logs the following communications and documents that are indisputably privileged or protected by the work product doctrine: communications among Department of Justice ("DOJ") attorneys/personnel; communications between DOJ attorneys and attorneys for the Plaintiff-Intervenors in light of their common-interest agreement, including communications between DOJ attorneys and Plaintiff-Intervenors in the presence of Plaintiff-Intervenors' attorney; communications between DOJ attorneys and the EEOC in light of their Memorandum of Understanding; work product of DOJ attorneys; communications between Plaintiff-Intervenors and their counsel in this matter; work product of Plaintiff-Intervenors' counsel in this matter; communications among counsel for the Defendants; communications between Defendants and its counsel in this matter; and work product of Defendants' counsel in this matter.

14. Protective Order. The Parties will request entry of a protective order prior to the production of any information or material that is confidential, proprietary, sensitive, or would otherwise warrant protection under Rule 26(c).

15. Electronic Service. Pursuant to Fed. R. Civ. P. 5(b)(1)(E), the parties agree to service by email for those documents not served via ECF. To the extent documents exceed the size limit(s) for email delivery, the parties agree to serve documents via the Department of Justice's Justice Enterprise File Sharing System (JEFS).

16. Third-party subpoenas. The parties agree that any party who intends to issue a third-party subpoena shall give the other parties five business days' notice of such intent before issuing any third-party subpoena. The notice will include the identity of the third party to be subpoenaed and indicate whether the subpoena will seek production of documents, testimony, or both.

17. The Parties are aware of no other matters to be brought before the Court at this time.

Dated: June 16, 2021

Respectfully submitted,

KAREN D. WOODARD
*Acting Chief*
*Employment Litigation Section*

MEREDITH L. BURRELL (MD Bar, no number issued)
*Deputy Chief*

| | |
|---|---|
| */s/ Taryn Wilgus Null* | */s/ Jacqueline M. McConaha* |
| TARYN WILGUS NULL, DC Bar #985724 | JACQUELINE M. MCCONAHA |
| ALICIA D. JOHNSON, DC Bar #494032 | (MCCOJ0889) |
| JULIET E. GRAY, DC Bar #985608 | K. PAUL CARBO, JR. (CARBK8014) |
| *Senior Trial Attorneys* | |
| U.S. Department of Justice | Attorneys for Defendants |
| Civil Rights Division | The Atchison Firm, P.C. |
| Employment Litigation Section | 3030 Knollwood Drive |

| | |
|---|---|
| 150 M Street, N.E., Room 9.1139<br>Washington, DC 20530<br>Phone (cellular): (202) 532-3560 (Null)/<br>(202) 532-5872 (Johnson)/ (202) 598-1600<br>(Gray)<br>Facsimile: 202-514-1005<br>Taryn.Null@usdoj.gov<br>Alicia.Johnson@usdoj.gov<br>Juliet.Gray@usdoj.gov | Mobile, Alabama 36693<br>Telephone: (251) 665-7200<br>Facsimile: (251) 665-7250<br>Email: jackie.mcconaha@atchisonlaw.com<br>Email: paul.carbo@atchisonlaw.com |

*/s/ John C. Davis*
JOHN C. DAVIS
Attorney for Plaintiff-Intervenors
Law Office of John C. Davis, Florida Bar # 827770
623 Beard Street
Tallahassee, FL 32303
Telephone: (850) 222-4770
Email: john@johndavislaw.net


\*Counsel for the Defendants and Plaintiff-Intervenors have consented to the filing of this document with their electronic signatures affixed thereto.

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

                                             */s/ Taryn Wilgus Null*
                                             Taryn Wilgus Null
                                             Senior Trial Attorney