# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) CIVIL ACTION NO. 21-00114-KD-N |
| **MOBILE COUNTY SHERIFF'S OFFICE,** *et al.*, | ) ) ) ) |
| Defendants. | ) |

## ORDER

This action is before the Court on the Unopposed[1] Motion for Leave to Amend Complaint filed by Plaintiff United States (doc. 54). Upon consideration, and for the reasons set forth herein, the Motion is **GRANTED**. Accordingly, the United States shall file its **Amended Complaint** on or before **October 22, 2021,** and Defendants shall file their **answers or other response** on or before **October 29, 2021.**

The United States moves to "amend paragraph 129 of its Complaint to add the underlined language that follows: 'Defendants subjected the Charging Parties and similarly situated female employees to harassment based on their sex, and engaged in a pattern or practice of discrimination against female employees including the Charging Parties based on their sex, in violation of Title VII, 42 U.S.C. § 2000e-2(a).'" (doc. 54, p. 1). The United States asserts that the proposed amendment makes "explicit the understanding of the Parties and the Court that the United States' allegations include a pattern or practice of discrimination based on sex" and "will prevent any ambiguity" about the allegations (Id., p. 2).

---

[1] The United States reports that the "Plaintiff-Intervenors consent to the amendment" and the Defendants "do not object . . . and do not intend to file an opposition" (doc. 54, p. 1-2).

At this stage in the litigation, and absent Defendants' written consent, Rule 15(a)(2) instructs the Court that it "should freely give leave" to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" City of Miami v. Bank of America Corp., 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The Court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Perez v. Wells Fargo N.A., 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Services, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962)); Donley v. City of Morrow, Georgia, 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same).

The docket does not indicate that the United States engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies.  The motion was filed before the deadline for motions to amend the pleadings (doc. 32, Rule 16(b) Scheduling Order). Discovery does not end until March 4, 2022 (Id.).  Therefore, the parties should not be unduly prejudiced if the Complaint is amended.  No argument has been raised that allowing the amendment would be futile.   Since the Court has not ascertained any substantial reason to deny the United States' motion, the interests of justice indicate that it should be granted.

**DONE** and **ORDERED** this 15th day of October 2021.

        s / Kristi K DuBose
       **KRISTI K. DuBOSE**
       **UNITED STATES DISTRICT JUDGE**