IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br> <br> *and* <br> <br> MICHALE BURRELL, *et al.*, <br>     Intervenor Plaintiffs, <br> v. <br> <br> MOBILE COUNTY SHERIFF'S <br> OFFICE *and* <br> MOBILE COUNTY SHERIFF, <br>     Defendants. | CIVIL ACTION NO. 1:21-00114-KD-N |

## **ORDER**

This civil action is before the Court on review of the parties' "Stipulation and Order Regarding Bifurcation of Discovery" filed October 15, 2021 (Doc. 59).[1]

"Unless the court orders otherwise, the parties may stipulate that … other procedures governing or limiting discovery be modified—but a stipulation extending the time for any form of discovery must have court approval if it would interfere with the time set for completing discovery, for hearing a motion, or for trial." Fed. R. Civ. P. 29(b). The current Federal Rule of Civil Procedure 16(b) scheduling order (Doc. 32, *as amended by* Docs. 41, 44) states that "[a]ll discovery must be completed no later than Friday, March 4, 2022[,]" except that all expert testimony must be completed no later than June 2, 2022. (*See* Doc. 32 §§ 4 & 7, PageID.184-186). It

---

[1] The assigned District Judge has referred said filing to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (10/18/2021 electronic reference).

also sets trial for the month of January 2023. (*See id.* § 3, PageID.184). While the parties have requested that trial be bifurcated into liability and damages phases, and the Court has discussed that prospect with them, no ruling setting a bifurcated trial or establishing its parameters has yet issued. (*See* Docs. 33, 41).

The parties' stipulation (Doc. 59) requires court approval, as it would interfere with both the time set for completing discovery and for trial. The stipulation provides that certain discovery would only occur after a liability-phase trial that results a finding of pattern-or-practice liability on the part of the Defendants. The stipulation contemplates that, in the event the Defendants' pattern-or-practice liability is established at trial, "then the Court would issue a new scheduling order based on the claims and issues remaining after such determination, including the amount of individual damages for similarly situated women." (Doc. 59, PageID.388). This stipulation contravenes the Court's order that <u>all</u> discovery be completed by the current pretrial deadline, and would essentially force the Court to bifurcate trial, with a likely substantial delay between liability and penalty phases.

A district court has "wide discretion" in its decisions "made in the course of managing its docket…" *Scantland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1320 (11th Cir. 2013). The Court has already once deferred a decision as to trial bifurcation (*see* Doc. 41), and declines to be forced at this stage of the case into deciding how, or even whether, trial should be bifurcated. Moreover, the substantial delay between liability and penalty phases of trial to allow for the stipulated second phase of

discovery would be a waste of judicial resources. Accordingly, the parties' stipulation (Doc. 59) is **DENIED**.

**DONE** and **ORDERED** this the 10th day of November 2021.

<u>*/s/ Katherine P. Nelson*</u>
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**