# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> and <br><br> MICHALE BURRELL, *et al.*, <br><br> Intervenor Plaintiffs, <br><br> v. <br><br> MOBILE COUNTY SHERIFF'S OFFICE and MOBILE COUNTY SHERIFF SAM COCHRAN (in his official capacity), <br><br> Defendants. | Civil Action No. 1:21-cv-00114-KD-N |

**PLAINTIFF UNITED STATES OF AMERICA'S
FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff United States of America ("Plaintiff" or "United States") requests that Defendants Mobile County Sheriff's Office ("MCSO") and Mobile County Sheriff, Sam Cochran (collectively, "Defendants"), produce the documents described below on or before thirty (30) days from the date of service. All responsive documents should be sent via email (or exchanged via a document sharing database) as agreed to by the parties.

INSTRUCTIONS

1. Unless otherwise stated, each request should be construed as requesting documents from Defendants and their attorneys, agents, officers, investigators, employees,

independent contractors, trustees, representatives, and all other persons or entities acting on behalf of Defendants Mobile County Sheriff's Office and Mobile County Sheriff, Sam Cochran, for the period January 1, 2011, to the date of these requests. In accordance with Fed. R. Civ. P. 26(e), these requests are to be considered continuing and Defendants are requested to provide, by way of supplemental responses, such additional information as Defendants or any person acting on behalf of Defendants may hereafter obtain that will augment or otherwise modify its responses. Such supplemental responses are to be served upon Plaintiff within 30 days after receipt of such information.

   2. Each request seeks production of all documents described herein, including all drafts and non-identical copies, in Defendants' possession, custody, or control, or in the possession, custody, or control of any Defendants' attorneys, agents, officers, investigators, employees, independent contractors, trustees, representatives, and all other persons or entities acting on behalf of Defendants and all documents that such individuals have the ability or legal right to obtain.

   3. Requests for documents shall be deemed to include requests for any and all transmittal sheets, cover letters, exhibits, enclosures, or any other annexes or attachments to the documents, in addition to the documents themselves. If the requested documents are maintained in a file, a legible copy of the file folder is included in the request.

   4. All of the requests shall be deemed to include requests for electronically stored information ("ESI"). To the extent any emails, Word documents, pictures, and other text documents are in both electronic and hard copy format, Defendants shall produce an image of the document and the underlying metadata. The parties will confer about the format of production

for documents in the form of spreadsheets, databases, audio/video (including documents with audio/video included, such as PowerPoint presentations), or other formats that cannot reasonably be used on 8.5" by 14" paper. If the information is not accessible without proprietary software, the parties will need to confer regarding Defendants' obligation under Fed. R. Civ. P. 34(a)(1)(A) to translate the information into a reasonably usable form. If the parties enter into a stipulation regarding the production of electronically stored information subsequent to the service of these requests, the stipulation shall supersede this instruction.

5. If Defendants provide a partial or incomplete answer, they shall state that the answer is partial or incomplete. If Defendants object to a portion or an aspect of any request, they shall state the grounds of the objection with specificity and respond to the remainder of the request.

6. If, in responding to these requests, Defendants contend that any request is ambiguous, the response shall set forth the matter deemed ambiguous and the construction used in responding to the request.

7. If any request (or portion thereof) is objected to on the grounds that production is unduly burdensome, then as to that request (or portion thereof) Defendants shall produce all documents that are available without unreasonable burden and describe with particularity the burden that would be imposed by the production of documents called for in response to the request (or portion thereof) to which Defendants object.

8. If Defendants are unable to produce an item requested, they shall state in writing why they cannot produce the item requested, and, if the inability to produce the item is because the item is not in Defendants' possession or in the possession of a person from whom they could

obtain the item, state the name, address, and telephone number of any person Defendants believe may have the original of any such item.

9. In the event that any responsive document or thing has been destroyed or discarded or otherwise disposed of, such document shall be described by date, location, number of pages, attachments, appendices, exhibits, author(s), addressee(s), recipient(s), title, and subject matter; such items shall be described with the greatest particularity possible. In addition, Defendants shall state the reason for disposal or destruction of the document or thing, and identify each and every person who either authorized disposal or destruction of the document or thing or who disposed of or destroyed the document or thing.

10. Where a claim of privilege is asserted in responding to any request, identify the nature of the privilege and provide a "privilege log" or similar document, as required by Fed. R. Civ. P. 26(b)(5)(A), containing the following information for each item: (a) the type of document, (b) the general subject matter of the document, (c) the date of the document, (d) the author(s) of the document, (e) the addressee(s) and any other recipient(s) of the document, (f) the custodian of the document, (g) the relationship of the author, addressee, custodian, and any other recipient to each other, (h) the number of pages of the document, (i) the request that the document is responsive to, and (j) the type of privilege asserted.

11. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, clearly indicate the portions as to which the privilege is claimed. When a document

has been redacted or altered in any fashion, describe the redacted material in the privilege log referred to in Instruction 10.

## DEFINITIONS

Unless a contrary meaning clearly appears in the context of a specific request, the following definitions shall apply:

1. The terms "you", "your", "Defendants", "Mobile County Sheriff's Office", or "MCSO" refer to Mobile County Sheriff's Office and the Mobile County Sheriff, as well as current or former employees, independent contractors, officers, agents, trustees, representatives, attorneys, investigators, and other persons or entities acting on behalf of the Mobile County Sheriff's Office or the Mobile County Sheriff.

2. The term "contractor" or "vendor" refers to personnel supplied to the Mobile County Sheriff's Office or Mobile Metro Jail by outside agencies or companies.

3. The terms "employee," "supervisor," "manager," or "corrections officer" refers to current and former employees, supervisors, managers, and corrections officers employed by the Mobile County Sheriff's Office.

4. The term "inmate" refers to current and former inmates detained at the Mobile County Metro Jail.

5. The term "Complaint" refers to the Complaint filed by the United States in Case 1:21-cv-00114 (S.D. Ala.).

6. The term "Answer" refers to the Amended Answer filed by Defendants in Case No. 1:21-cv-00114 (S.D. Ala.).

7. The term "gunning" refers to masturbating in the presence of or directed toward another person.

8. The terms "Jail" and "Metro Jail" refer to the Mobile County Metro Jail located in Mobile, Alabama.

9. The words "or" and "and" shall be read in the conjunctive and not in the disjunctive wherever they appear and the words shall be interpreted and construed as broadly as possible so that information otherwise within the scope of the interrogatory is not excluded.

10. The term "person" or "individual" refers to the plural, as well as the singular, and includes any natural person, firm, association, partnership, joint venture, corporation, business, or other legal entity.

11. The terms "relating to," "related to," or "relate to" mean pertaining to, supporting, concerning, describing, referring to, evidencing, reflecting, showing, mentioning, discussing, constituting, contradicting, refuting, or in any way logically or factually connected to the matter discussed.

12. The term "document" has the same meaning as when it is used in Fed. R. Civ. P. 34(a)(1) and includes but is not limited to any paper, electronically stored information, or writing of any kind, including, but not limited to, a report, record, study, memorandum, letter, email, note, chart, table, spreadsheet, roster, manual, guideline, rule, list, tabulation, press release, book, article, treatise, recording or transcription of minutes, machine-readable format file, computer file, or audio or video tape recording.

13. The term "electronically stored information" or "ESI" has the same meaning as when it is used in Fed. R. Civ. P. 34 and includes but is not limited to electronic mail, word

processing and spreadsheet files, electronic data and data compilation files, and video, audio, and image files.

## REQUESTS FOR PRODUCTION

1. Metro Jail employee roster, for the period January 1, 2011 to the date of this request, to include each employee's gender, position, rank, date of entry on duty, and, if applicable, end date of employment.

2. All MCSO organizational charts, personnel charts, descriptions, lists, tables, flow charts or other similar documents that indicate the various divisions or departments, chains of command, identities, titles and responsibilities of each person responsible for the operations of the Metro Jail, including without limitation the day-to-day operations and personnel/human resources/employment matters.

3. Complete files relating to each of the Plaintiff-Intervenors, including, without limitation, each individual's personnel file and the records pertaining to her hire, duties and responsibilities, salary, promotions, evaluations, discipline, benefits, personal and sick leave, discharge, layoff, or retirement.

4. Job description(s) for the position of Metro Jail corrections officer.

5. Job description(s) for the position of Metro Jail cadet.

6. Job description(s) for the position of Metro Jail Central Control Specialist.

7. Job description(s) for MCSO deputies assigned to the Metro Jail Intelligence Office.

8. Job description(s) for the position of training coordinator for Metro Jail employees.

9. All documents, including but not limited to policies, procedures, handbooks, orders or trainings, issued by you to MCSO employees relating to equal employment opportunity and sexual harassment in the Metro Jail.

10. All documents, including but not limited to policies, procedures, handbooks, orders, or trainings, issued by you to MCSO employees relating to gunning/masturbation, sexual misconduct, or sexual harassment by inmates at the Metro Jail.

11. All documents relating to any actions taken by the MCSO to communicate its policies and procedures regarding gunning and/or sexual harassment of MCSO employees by Jail inmates.

12. A copy of the curriculum for the four-week Jail Management Training for new corrections officers at the Metro Jail.

13. All graphic representations of the Metro Jail, including floor plans and photographs.

14. All documents, including but not limited to policies, procedures, handbooks, orders, forms and trainings, regarding MCSO procedures for investigating complaints of gunning/masturbation, sexual misconduct, and/or sexual harassment by inmates while housed at the Jail.

15. All documents, including but not limited to policies, procedures, handbooks, orders, forms, agreements, and trainings, regarding MCSO procedures for pursuing criminal charges against inmates who commit criminal offenses, including gunning/masturbation and sexual misconduct against MCSO employees while housed at the Jail.

16. All documents, including but not limited to policies, procedures, handbooks, orders, forms, and trainings, utilized to train and/or guide disciplinary hearing officers at the Metro Jail in the performance of their duties.

17. All documents, including emails and accompanying attachments and links, sent or received by any electronic device within your control at the Metro Jail and the MCSO, that reflect communications to or from any MCSO employees that mention masturbation, "gunning," or any other term that you or your employees used synonymously with "masturbation" at the Metro Jail.

18. All documents relating to any complaints (including disciplinary reports) of masturbation, "gunning," any other term that you or your employees used synonymously with "masturbation," and/or sexual harassment of MCSO employees, including Plaintiff-Intervenors, by Metro Jail inmates.

19. All documents reflecting MCSO policies, procedures, practices, and rules relating to the maintenance and retention of documents reflecting any disciplinary reports or action against inmates in the Metro Jail.

20. All documents relating to MCSO's investigation of, response to, or efforts to resolve any complaints of "gunning" and/or sexual harassment by MCSO employees including, but not limited to recordings and/or transcripts of any interviews conducted by the MCSO, transcripts, internal emails, memoranda, findings, or conclusions not provided to the EEOC and any discipline of inmates or employees issued as a result of the MCSO's internal investigation.

21. All monthly Metro Jail inmate discipline reports relating to inmate masturbation, "gunning," and/or any other term that you or your employees used synonymously with "masturbation," and/or sexual harassment of MCSO employees.

22. All annual Metro Jail inmate discipline reports relating to inmate masturbation, "gunning," and/or any other term that you or your employees used synonymously with "masturbation," and/or sexual harassment of MCSO employees.

23. All documents pertaining to Defendants' consideration and use of pink, inmate uniforms as a measure to minimize, control, curb, eliminate, or otherwise address male inmate masturbation in the presence of female employees.

24. All documents pertaining to Defendants' consideration and use of a video camera system as a measure to minimize, control, curb, eliminate, or otherwise address male inmate masturbation in the presence of female employees.

25. All documents pertaining to Defendants' consideration and use of new locks on inmate cells as a measure to minimize, control, curb, eliminate, or otherwise address male inmate masturbation in the presence of female employees.

26. All documents pertaining to any measures not listed in requests Nos. 23 – 25, considered or taken by the Mobile County Sheriff's Office, the Mobile County Sheriff, and/or the Metro Jail relative to minimizing, controlling, curbing, eliminating, or otherwise addressing male inmate masturbation in the presence of female employees.

27. Documents, including but not limited to policies, procedures, guidelines, orders, and forms, relating to the use of pink inmate uniforms at the Metro Jail.

28. All documents described in the Defendants' Initial Disclosures.

29. All documents relating to any investigation you have done of the claims raised in the United States' complaint, including without limitation any statements obtained.

30. All press releases by the MCSO or its employees relating to gunning or masturbation by inmates at the Metro Jail.

31. All documents which you believe support or refute any of the defenses you have raised to the claims of the United States and Plaintiff Intervenors.

Dated: July 21, 2021

KRISTEN CLARKE

Assistant Attorney General
Civil Rights Division


*/s/ Alicia D. Johnson*
KAREN D. WOODARD
*Chief*
*Employment Litigation Section*
MEREDITH L. BURRELL (MD Bar, no number issued)
*Deputy Chief*
TARYN WILGUS NULL, DC Bar #985724
ALICIA D. JOHNSON, DC Bar #494032
JULIET E. GRAY, DC Bar #985608
*Senior Trial Attorneys*
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street, N.E., Room 9.1139
Washington, DC 20530
Phone (cellular): (202) 532-3560 (Null)/
(202) 532-5872 (Johnson)/ (202) 598-1600 (Gray)
Facsimile: 202-514-1005
Taryn.Null@usdoj.gov
Alicia.Johnson@usdoj.gov
Juliet.Gray@usdoj.gov


Attorneys for Plaintiff United States of America

## CERTIFICATE OF SERVICE

I, Alicia D. Johnson, hereby certify that on this 21st day of July 2021, I have served a true and correct copy of the foregoing Plaintiff United States' First Requests for Production of Documents upon all parties via email, as agreed to by the parties.

*/s/ Alicia D. Johnson*
ALICIA D. JOHNSON