IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff, | )<br>)<br>) |
| and | )<br>) |
| MICHALE BURRELL, *et al.*,<br>　　Intervenor Plaintiffs, | )<br>)<br>) |
| vs. | )　　CIVIL ACTION NO. 21-00114-KD-N<br>) |
| MOBILE COUNTY SHERIFF<br>SAM COCHRAN, in his Official Capacity,<br>　　Defendant. | )<br>)<br>) |

### ORDER

　　This action is before the Court on the Motion to Bifurcate Trial Proceedings filed by the United States and the Intervenor Plaintiffs (Plaintiffs), Defendant Mobile County Sheriff Sam Cochran's response, and the Plaintiffs' reply (docs. 131, 150, 155). The Motion was heard January 25, 2023.

　　Plaintiffs moved the Court to bifurcate the trial into Phase I and Phase II. Phase I would consist of 1) trial of the pattern or practice claim, 2) any prospective, injunctive relief should Defendant be found liable on the pattern or practice claim, and 3) trial of the individual hostile work environment claims of Plaintiff-Intervenors and a subset of additional female employees who may testify. Should Defendant be found liable on the pattern or practice claim, Phase II would consist of trial as to individual remedial relief for that claim. Upon consideration, and as more specifically set forth on the record, the Motion is DENIED.

　　However, and as more specifically set forth on the record, the Court finds that bifurcation of the pattern or practice claim from the individual hostile work environment claims would serve the interests of justice, conserve judicial resources, expedite and economize the trial of this

action, and avoid prejudice to the parties. See Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counter-claims, or third-party claims."). Accordingly, trial of the pattern or practice claim is bifurcated from the individual hostile work environment claims.

Previously, in the Order on summary judgment, the Court discussed the elements of a pattern or practice claim. Plaintiffs' initial burden is to establish a prima facie case that unlawful discrimination has been a regular pattern or practice followed by Sheriff Cochran (doc 169, p. 7-8).[1] In an action alleging a pattern or practice of sexual harassment, Plaintiffs must show that an objectively reasonable person would find the environment hostile. (Id., p. 8-9). The objective standard is met if the sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of a reasonable woman's employment in the same circumstance. Sheriff Cochran does not dispute that the sexual harassment by the inmates was severe or pervasive but argues that it was not sufficiently severe or pervasive to alter the terms and conditions of a reasonable woman's employment as a jail employee (Id., p. 10-11). The Court found that a genuine dispute of material fact existed as to this element.

In rebuttal to Plaintiffs' argument that they had made their prima facie case of a pattern or practice of discrimination, Sheriff Cochran argued that he had taken all reasonable measures to curtail the sexually harassing conduct (Id., p. 11-12). Plaintiffs argued that he had not (Id., p. 12)

---

[1] Previously, the Court established that there is no genuine dispute of material fact that Plaintiff Intervenors and similarly situated female employees belong to a protected group, they were subject to unwelcome sexual harassment by the male inmates, and the sexual harassment was based on their sex (doc. 169, p. 9).

The Court found that a genuine dispute remained as to whether he had taken immediate and appropriate corrective action in response to the sexually harassing behavior, of which he knew or reasonably should have known (Id., p. 12-13).

Accordingly, the trial on the pattern or practice claim shall resolve the following:

1) Whether the sexual harassment was sufficiently severe or pervasive to alter the terms and conditions of a reasonable woman's employment in the same circumstance, and if so,

2) Whether Defendant had taken immediate and appropriate corrective action in response to the harassing behavior, of which he knew or reasonably should have known.

The parties are reminded that the final pretrial conference is scheduled for March 9, 2023. For trial on the pattern or practice claim, jury selection is scheduled for April 4, 2023, with trial from April 24 through May 4, 2023. The dates for jury selection and trial on the individual hostile work environment claims shall be determined later.

DONE and ORDERED this the 26th day of January 2023.

                                                    s/ Kristi K. DuBose
                                                  KRISTI K. DuBOSE
                                                  UNITED STATES DISTRICT JUDGE