IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                    Plaintiff,<br><br>and<br><br>MICHALE BURRELL, *et al.*,<br><br>                                  Plaintiff-Intervenors,<br><br>v.<br><br>MOBILE COUNTY SHERIFF PAUL BURCH<br>(in his official capacity),<br>                                  Defendant. | Civil Action No. 1:21-cv-00114-KD-N |

**MOTION TO SCHEDULE FAIRNESS HEARING ON MONETARY RELIEF**

Plaintiff United States submits the accompanying Proposed Monetary Relief List, *see* Ex. 1, and respectfully requests that the Court schedule a Fairness Hearing on Monetary Relief no sooner than ninety days from the date of the Court's order on this Motion, pursuant to Paragraphs 70 and 72 of the Settlement Agreement ("Agreement"), *see* Doc. 217, PageID.3511.

As set forth in the accompanying Memorandum, the United States has determined, pursuant to the terms of the Agreement, whether Claimants[1] who submitted Interest-in-Relief Forms are eligible for the relief sought. The accompanying Proposed Monetary Relief List identifies each Claimant who the United States has determined is entitled to receive a share of the monetary settlement, as well as the amount of money to be awarded. *See id.*

---

[1] The United States uses the term "Claimant" to identify any individual who submitted an Interest-in-Relief Form.

After the Fairness Hearing is scheduled, the United States will provide each Claimant with notice of its eligibility determination and the amount of monetary relief she will receive, if any. At the requested Fairness Hearing on Monetary Relief, the Court will consider any objections from Claimants to the United States' eligibility determinations and proposed relief distribution and will determine whether those objections are well-founded.  *See id.*, PageID.3512-3513.

Date:  February 16, 2024

Respectfully submitted,

KAREN D. WOODARD
*Chief*
*Employment Litigation Section*

MEREDITH L. BURRELL (MD Bar, no number issued)
*Principal Deputy Chief*

/s/ Taryn Wilgus Null
TARYN WILGUS NULL, DC Bar #985724
EMILY GIVEN, NY Bar #5420211
CATHERINE N. SELLERS, WA Bar #44563
SHARION SCOTT, DC Bar #1617438
JULIA T. QUINN, DC Bar #1031695
*Trial Attorneys*
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street, N.E., Room 9.1139
Washington, DC 20530
Phone (cellular): (202) 532-3560 (Null)/(202) 532-5696 (Given)/ (202) 598-0696 (Sellers)/ (202) 598-5592 (Scott)/ (202) 598-5171 (Quinn)
Facsimile: 202-514-1005
Taryn.Null@usdoj.gov
Emily.Given@usdoj.gov
Catherine.Sellers@usdoj.gov
Sharion.Scott@usdoj.gov
Julia.Quinn@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>and<br><br>MICHALE BURRELL, *et al.*,<br><br>      Plaintiff-Intervenors,<br><br>v.<br><br>MOBILE COUNTY SHERIFF PAUL BURCH<br>(in his official capacity),<br>      Defendant. | Civil Action No. 1:21-cv-00114-KD-N |

### MEMORANDUM IN SUPPORT OF MOTION TO SCHEDULE FAIRNESS HEARING ON MONETARY RELIEF

**I. INTRODUCTION**

Plaintiff United States submits the following Memorandum in Support of its Motion to Schedule a Fairness Hearing on Monetary Relief. The United States requests that the Court schedule a Fairness Hearing on Monetary Relief to consider the accompanying Proposed Monetary Relief List, *see* Ex. 1, as required by Paragraphs 70 and 72 of the Settlement Agreement ("Agreement"), *see* Doc. 217, PageID.3511. As provided in the Agreement, the United States requests that the Fairness Hearing on Monetary Relief occur no sooner than ninety days after the Court's order on this Motion to allow sufficient time to provide each Claimant[1] who submitted an

---

[1] The United States uses the term "Claimant" to identify any individual who submitted an Interest-in-Relief Form.

Interest-in-Relief Form with notice of the United States' proposed eligibility determination and an opportunity to object to that determination.

## II.   BACKGROUND

Paragraph 70 of the Agreement requires the United States, no later than one hundred fifty days after entry of the Agreement, to file with the Court a Proposed Monetary Relief List identifying the amount of money that the United States has determined should be awarded to each Claimant found to be eligible to receive it.  *See* Doc. 217, PageID.3511.  As required by Paragraph 72 of the Agreement, the United States requests that the Court schedule a Fairness Hearing on Monetary Relief to determine whether the Proposed Monetary Relief List should be approved or amended.  *See id.*

After the Fairness Hearing on Monetary Relief is scheduled, the United States will notify each Claimant of the proposed eligibility determination reached by the United States and will provide instructions for objecting.  *See id.*, PageID.3511-3512.  The United States will provide the Court with copies of all objections received, and the Parties will file their responses to those objections no later than ten days prior to the Fairness Hearing on Monetary Relief.  *See id.*, PageID.3512-3513.  At or following the Fairness Hearing on Monetary Relief, the Court will consider whether any of the objections are well-founded and will either approve the Proposed Monetary Relief List as final or will request that the lists be amended, as necessary, upon finding any objection to be well-founded.  *See id.*, PageID.3513.

## III.   DISCUSSION

In reaching the eligibility determinations summarized in the Proposed Monetary Relief List, the United States and Defendant Mobile County Sheriff Paul Burch (collectively, the "Parties") have complied with all terms of the Agreement.  As described further below, females

who worked as corrections officers ("COs") or corporals at the Jail at any time between January 1, 2011 and April 21, 2023 ("Potential Claimants," as defined in the Agreement, *see* Doc. 217, PageID.3475) received notice of the settlement and an opportunity to submit Interest-in-Relief Forms seeking monetary relief. The United States then determined whether the received Interest-in-Relief Forms were timely, and, if so, whether each Claimant was eligible for relief. Finally, the United States calculated the amount of monetary relief to be awarded to each eligible Claimant seeking relief.

### A. Interest-in-Relief Form Documents Sent to Potential Claimants

Following the Court's entry of the Agreement, KCC, the claims administrator hired by the United States, sent, on or before October 19, 2023, by email to the last-known email address and by first-class U.S. mail to the last-known mailing address, notice of the entry of the settlement, as well as the *Interest-in-Relief Form Notice*, *Instructions for Completing the Interest-in-Relief Form*, and a blank *Interest-in-Relief Form* (collectively, "Interest-in-Relief Form Documents") to 297 Potential Claimants. *See* Declaration of Zachary Cooley ("Cooley Decl.") ¶ 6. *See also* Doc. 217, PageID.3508.

Pursuant to the Agreement, KCC maintained records of all Interest-in-Relief Form Documents that were returned as undeliverable and re-sent the Interest-in-Relief Form Documents when an alternate email and/or mailing address was identified. *See* Cooley Decl. ¶¶ 7-9.

### B. Timeliness Determinations for Submitted Interest-in-Relief Forms

Under Paragraph 61 of the Agreement, Potential Claimants were required to submit completed Interest-in-Relief Forms in accordance with the *Instructions for Completing the Interest-in-Relief Form* and *Interest-in-Relief Form*. *See* Doc. 217, PageID.3508-3509. These documents set the deadline for receipt as December 3, 2023. *See* Cooley Decl. ¶ 11.

In total, the United States received Interest-in-Relief Forms from 232 Claimants. *Id.* ¶¶ 10-12.  Of the 232 Claimants, 229 returned their forms on or before December 3, 2023.  *See id.* ¶ 11.  The remaining three Claimants submitted Interest-in-Relief Forms between December 4, 2023 and December 18, 2023.  *See id.* ¶ 12.  Because these submissions were made reasonably close to the deadline and caused no delay in the United States' ability to make relief determinations, the United States determined that good cause existed to accept these three Interest-in-Relief Forms.

### C. Eligibility Determinations Under the Terms of the Agreement

Pursuant to the terms of the Agreement, the United States determined Claimants' eligibility for monetary relief.  *See* Doc. 217, PageID.3510.  Under the Agreement, a Claimant will be eligible for monetary relief if she satisfies the following factors:  (1) she is female; (2) she worked at the Jail at any time between January 1, 2011 and April 21, 2023; (3) she is not a Plaintiff-Intervenor; (4) she worked as an employee of the Jail as a corrections officer or corporal; (5) she experienced sexual misconduct from male inmates housed at the Jail while working in the inmate detention area; and (6) she was harmed by the sexual misconduct from male inmates.  *See id.*, PageID.3507-3508.

The United States made eligibility determinations based on the information provided by the Claimants on their Interest-in-Relief Forms, as well as employment information provided by Defendants, including dates of employment at the Jail, *see* Declaration of Debra Allen ("Allen Decl.") ¶¶ 5-9.  A Claimant was determined eligible for relief if this information indicated that she satisfied the factors listed above.  *See id.* ¶ 9.  In order to make eligibility determinations for certain Claimants, the United States performed direct follow-up to resolve incomplete answers or conflicting information on their Interest-in-Relief Forms.  *See id.* ¶ 10.

In accordance with the Agreement, on February 1, 2024, the United States identified to Defendant all Claimants it found entitled to receive monetary awards and the amount of money that the United States determined should be awarded. *See* Doc. 217, PageID.3510-3511. Additionally, the United States provided Defendant with a list of all Claimants the United States found ineligible for individual relief, including the reasons for the United States' ineligibility determinations. *See id.*, PageID.3510-3511. On February 15, 2024, the United States provided Defendants with an amended PDF document that accounted for small adjustments made based on additional information that two Claimants provided to the United States after February 1, 2024.

In total, the United States found 223 Claimants eligible for monetary relief. *See* Ex. 1, Proposed Monetary Awards List. The United States' proposed distribution of the $1,410,000 settlement fund allocates it among all Claimants eligible for monetary relief, in amounts based on the duration of time each Claimant worked at the Jail as a CO and/or corporal, the percentage of that time she worked with male inmates, her experience with inmate sexual misconduct, and the effect it had on her. As required by the Agreement, no later than ten days prior to the Fairness Hearing on Monetary Relief, the United States will file with the Court copies of any objections received along with its responses to any timely submitted objections. Doc. 217, PageID.3512-3513.

### IV. CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court enter an order scheduling a Fairness Hearing on Monetary Relief on the United States' eligibility determinations set forth in the attached Proposed Monetary Relief List.

Date:  February 16, 2024

Respectfully submitted,

KAREN D. WOODARD
*Chief*
*Employment Litigation Section*

MEREDITH L. BURRELL (MD Bar, no number issued)
*Principal Deputy Chief*

*/s/ Taryn Wilgus Null*
TARYN WILGUS NULL, DC Bar #985724
EMILY GIVEN, NY Bar #5420211
CATHERINE N. SELLERS, WA Bar #44563
SHARION SCOTT, DC Bar #1617438
JULIA T. QUINN, DC Bar #1031695
*Trial Attorneys*
U.S. Department of Justice
Civil Rights Division
Employment Litigation Section
150 M Street, N.E., Room 9.1139
Washington, DC 20530
Phone (cellular): (202) 532-3560 (Null)/(202) 532-5696 (Given)/ (202) 598-0696 (Sellers)/ (202) 598-5592 (Scott)/ (202) 598-5171 (Quinn)
Facsimile: 202-514-1005
Taryn.Null@usdoj.gov
Emily.Given@usdoj.gov
Catherine.Sellers@usdoj.gov
Sharion.Scott@usdoj.gov
Julia.Quinn@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on February 16, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF System, which will send notification of such filing to all counsel of record.

                                                       */s/ Taryn Wilgus Null*
                                                       Taryn Wilgus Null
                                                       Senior Trial Attorney