IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| MICHALE BURRELL, *et al*., ) | |
| ) | |
| Plaintiff-Intervenors, ) | |
| ) | |
| vs. ) | Civil Action No.21-00114-KD-N |
| ) | |
| MOBILE COUNTY SHERIFF ) | |
| PAUL BURCH, in his ) | |
| Official Capacity, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The action is before the Court on the United States' Motion for Final Entry of Amended Proposed Monetary Relief List and Response to Objections and Supporting Memorandum. (Doc. 221). The motion was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). On June 4, 2024, the undersigned conducted a Fairness Hearing at which Claimants who submitted objection forms were provided an opportunity to be heard on their objections to the United States' proposed eligibility determinations. Based on the United States' motion and supporting memorandum, the Claimant Objections, the parties' Settlement Agreement and the testimony presented at the Fairness Hearing, the undersigned recommends that the United States motion be GRANTED and that the Amended Proposed

Monetary Relief List (Doc. 221-1) be APPROVED.

## I. Background

On September 19, 2023, following a Fairness Hearing, District Judge Kristi DuBose entered as final the parties' Settlement Agreement ("Agreement"). (Doc. 217). Pursuant to Paragraph 72 of the Agreement, the United States petitioned the Court to schedule a Fairness Hearing on its proposed monetary relief list. (Doc. 218). The list identified all Claimants[1] whom the United States determined to be eligible to share in the monetary settlement, as well as the amount of money the United States determined should be awarded to each Claimant. (Doc. 218-1). The Court granted the United States' motion and scheduled the Fairness Hearing on monetary relief for June 4, 2024. (Doc. 220).

As required by Paragraph 73 of the Agreement, the United States sent written notification of the United States' proposed eligibility determinations to all Claimants who submitted an Interest-in-Relief Form. (Doc. 221-8). The notification advised Claimants how to object to the eligibility determinations and established April 15, 2024 as the deadline for objections. (Id.). The United States received thirteen formal objections on the objection form, and three oral objections that were treated as

---

[1] The term "Claimant" refers to any individual who submitted an Interest-in-Relief Form or Objection.

objections, for a total of sixteen objections. (Doc. 221-7 at 2-3; Doc. 221-8 at 2-3). According to the United States, the objections fall into the following categories:

(1) Four Claimants objected to the United States' preliminary determination that they are not eligible for relief because they do not satisfy the eligibility criteria;

(2) Four Claimants objected to the United States' preliminary determination that they are not eligible for relief because they did not submit Interest-in-Relief Forms;

(3) One Claimant objected to the United States' preliminary determination that she is not eligible for relief because she does not satisfy the eligibility criteria;

(4) Three Claimants objected to the United States' preliminary determination that they are eligible for relief on the grounds that their monetary relief awards are too small;

(5) Four eligible Claimants submitted objections that do not make clear the reason for their objections.

(Doc. 221 at 6-7).

Upon consideration of the above objections, the United States, in its supporting memorandum, agrees that the Claimants' objections in Categories 1 and 2 are well founded and that these Claimants established that they meet the eligibility criteria for the relevant time period, and that those that did not submit Interest-In-Relief Forms established that the failure was due to mail or email failures. (Id. at 6; Doc. 221-2, Doc. 221-3). With respect to the Claimant in category 3, the United States argues that her objection should be overruled because she was not employed at the jail within the covered time period. The United States

3

argues in regards to the three Claimants in category 4, that their objections should be overruled because their complaints about the size of their rewards do not establish that their proposed monetary relief awards are unfair or unreasonable. (Doc. 221 at 6; Doc. 221-5). With respect to the Claimants in category 5, the United States asserts that two of the Claimants left blank the section entitled "reason for my objection" while the two others merely detailed the harm they suffered, but did not raise any specific objection to the United States' proposed monetary relief awards. (Doc. 221 at 6; Doc. 221-6). Accordingly, the United States requested the objections in categories 1 and 2 be sustained and those in categories 3 through 5 be overruled.

II. **Fairness Hearing**

As noted *supra*, the Fairness Hearing was conducted on June 4, 2024 before the undersigned Magistrate Judge. Emily Given and Taryn Wilgus Null appeared on behalf of the United States, and K. Paul Carbo, Jr. and Stacy L. Moon appeared on behalf of Defendant Sheriff Paul Burch[2]. Claimants MSCOClaimant830 and MCSOClaimant720 also appeared at the Fairness Hearing and offered testimony[3].

---

[2] Defendant Sheriff Burch has not filed any objections to the United States' motion or to the Amended Proposed Monetary Relief List.

[3] Pursuant to paragraph 62 of the Agreement the Claimants are referenced by their Claimant ID number rather than their names. (Doc. 217 at 44-45).

A) MCSOClaimant830

MSCOClaimant 830 filed a written objection to the monetary relief (Doc. 221-5 Exhibit E) and offered testimony. In her written objection, MCSOClaimant830 states that she has worked at the Mobile County jail for twenty-four years and has experienced sexual misconduct during her entire tenure. She further states that she has been harmed by the sexual misconduct that she has been exposed to; yet, under the United States' proposal, she is slated to receive less compensation than correctional officers who have worked fewer years that her. According to Claimant, her proposed monetary relief is lower because she advanced in rank; however, the sexual harassment did not stop with her promotions. Claimant contends that the sexual harassment has continued throughout her tenure, without regard to rank or position.

MCSOClaimant830 also offered oral testimony at the Fairness Hearing in support of her objection. Claimant testified that the monetary relief is being unfairly distributed because jail employees who work in docketing or booking are slated to receive compensation but they have low exposure to the inmate sexual harassment. Claimant also testified that although she was promoted and assumed a supervisory position in 2013, she was still exposed to sexual misconduct by the male prisoners; however, the way the compensation is set up, those who advanced and were promoted are being treated unfairly because they will receive less compensation

5

than those who did not advance and continued to work as correctional officers. Claimant testified that just because she was promoted, the harassment did not end. She continued to interact with the inmates and continued to be subjected to the same sexual harassment as the correctional officers and corporals.

    B) <u>MCSOClaimant720</u>

MCSOClaimant720 filed a written objection to the initial determination that she was ineligible for monetary relief based upon the absence of evidence of harm (Doc. 221-2 at 9-11). In her written objection, the Claimant asserts that she was sexually harassed by the inmates and that she wrote them up for the misconduct. Claimant720 also appeared at the Fairness Hearing and testified that she believes it is unfair that correctional officers and corporals who work in areas such as docketing will be awarded monetary relief although they are not exposed to the same level of sexual harassment as those who work in the back inmate housing area. She also asserted that some of the older, long serving correctional officers and corporals no longer work in the male inmate housing units yet they are slated to receive higher monetary relief than they deserve because their relief is based on longevity rather than actual exposure to sexual harassment. She also asserted that those correctional officers and corporals who did not bother to write up disciplinary reports on male inmates engaging in sexual misconduct should not receive as much monetary relief as those who

6

did in fact initiate disciplinary actions. She suggests that correctional officers or corporals who observed the misconduct but did not initiate disciplinary action were not as harmed by such misconduct as those who took the time to file disciplinary reports.

C) <u>United States response</u>

In response, counsel for the United States pointed out that the criteria for eligibility is set forth in the parties' Agreement which was approved by the Court on September 19, 2023 following a Fairness Hearing. (Doc. 217). The Settlement Agreement limits relief to females who worked as correctional officers and corporals in the male inmate housing units at any time between January 1, 2011, and April 21, 2023, who experienced sexual harassment from the male inmates, and who were harmed by the harassment. (Doc. 217 at 39-40). In determining the amount of monetary relief to be awarded, the United States developed a methodology based on information gleaned from the Interest-in-Relief Form returned by the Claimants and Defendant's employee records. (Doc. 221-7 at 3). First, based on information provided in the Interest-in-Relief Form[4], the United States assigned points corresponding to the types

---

[4] The Form contained a chart whereby the Claimants could select from "0-25%", "25-50%", "51-75%", "76-99%", and "100%" as the "Percent of your employment that you worked in the male housing units at Metro Jail between January 1, 2011, and April 21, 2023" (Doc. 217-6). The Form also contained a chart whereby the Claimants could indicate the "Types of sexual harassment experienced from male inmates" and the "Number of times you experienced each type
(Continued)

7

of inmate harassment the Claimant experienced, the frequency, and the effect on the Claimant. This generated a raw point score for each Claimant. Next, the United States determined a figure which reflected the time worked as a correctional officer or corporal in the male housing units, as obtained from Defendant's employee records and the Interest-in-Relief Form, and multiplied this figure by the raw point score, to obtain a total point value for each Claimant. Last, the total amount of monetary relief was divided according to each Claimant's total point value. The United States generated the monetary relief list which resulted from this process (Doc. 221-7 at 3).

As noted *supra,* the United States requests that the objections in categories 1 and 2 be sustained because those Claimants have established that they met the eligibility criteria and that they sustained harm. The United States requests that the objection in category 3 be overruled because the Claimant was not employed within the covered time period and that the objections in category 4 be likewise overruled because the proposed relief amounts were set utilizing the established criteria. With respect to the four Claimants in category 5, the United States requests that their

---

of harassment, if applicable" (Id.). The Form also contained charts and questions which allowed the Claimants to indicate the effect and harm they experienced (Id.)

objections be overruled because they did not set forth a specific objection.

### III. Recommendation

Based upon the record before the undersigned, including the United States' motion and supporting memorandum, the Claimants' objections, the parties' Agreement and the information presented at the Fairness Hearing, the undersigned recommends as follows:

A). The objections of Claimants in category #1, namely Claimants MCSOClaimants720, 812, 826 and 831 should be sustained to the extent these Claimants were originally omitted from the United States' proposed list of claimants entitled to relief. As noted in the United States' motion (Doc. 221), these Claimants meet the eligibility requirements, have established that they were harmed as a result of the sexual harassment, and should be awarded the amounts listed in the United States' Amended Proposed Monetary Relief List. (Docs. 221, 221-1 at 1-6, 221-2 at 1-8).

The undersigned notes that of these Claimants, MCSOClaimant720 is the only one in this category who appeared at the Fairness Hearing to object to the proposed award amounts. The gist of MCSOClaimant720's objection is that female officers who did not bother to prepare disciplinary write ups on male inmates who engaged in sexual misconduct must not have been offended by the misconduct and therefore should not be awarded amounts larger than those female employees who did prepare disciplinary write

9

ups. However, the United States used an objective formula to come up with the monetary award amounts that was based on the information the Claimants provided on the Interest-In-Relief Forms and information gleaned from the Defnedant's employment records. The fact that some of the female officers did not issue as many disciplinary write ups for sexual misconduct as others is not an indication of whether they were harmed by such misconduct. As counsel for the United States noted during the Fairness Hearing, there are many reasons why a female officer may have opted against preparing a disciplinary write up, such as the belief that it would not be effective.

MCSOClaimant720 also contends that female officers who were not working in the inmate housing area should not be compensated better than those who did. However, the United States explained that on the Interest-In-Relief Form, Claimants were expressly asked to provide information regarding the percent of time they spent working in the male housing units, in order to distinguish that time from time worked in other positions at the jail. And, the Interest-In-Relief Form expressly provides that the Claimant "must answer truthfully" under penalty of perjury. (Doc. 217-6). Absent evidence to the contrary, the Claimants are presumed to have followed these instructions in completing the Interest-In-

Relief Form[5]. Accordingly, MCSOClaimant720's objection about the size of the awards should overruled.

B). The objections of Claimants in category #2, namely MCSOClaimants968, 970 and 971, should be sustained to the extent they were originally omitted from the United States' proposed list of claimants entitled to relief. As noted in the United States' motion, while these Claimants did not submit the Interest-In-Relief Forms, said failure was due to mail or email failures and each of the Claimants have since established that they meet the eligibility requirements and were harmed as a result of the harassment (Doc. 221-3 at 1-9). Thus, they should be awarded the amounts listed on the United States' Amended Proposed Monetary Relief.

C). The objection of the Claimant in category #3, namely MCSOClaimant895, should be overruled because she does not satisfy the eligibility criteria. She was employed by Defendant as a correctional officer from 1997 through 2006; however, pursuant to the parties' Agreement which was approved by the Court, the eligibility period is January 1, 2011 through April 21, 2023. (Doc.

---

[5] In its motion, the United States notes that the majority of Claimants did not offer sworn testimony; thus, the United States felt the information provided on the Interest-in-Relief Form provided the most objective and fairest basis for monetary awards. (Doc. 221-1; Doc. 221 at 14).

217, 221-4). Because MCSOClaimant895 was employed outside the eligibility period, her objection should be overruled.

D). The objections of Claimants in category #4, namely MCSOClaimants830, 842 and 855, should be overruled. These Claimants essentially object to the size of the monetary awards being recommended for each of them. However, the record reflects that the award amounts are based on the objective formula established pursuant to the parties' Agreement. (Doc. 217; 221-7 at 3). For instance, the United States asserts that the amount recommended for each of the Claimants took into account the information each provided on the Interest-In-Relief Forms and the information gleaned from the Defendant's employment records. According to the United States, the amount recommended for MCSOClaimant842 is $11,000 more than the amounts recommended for 207 of the 231 Claimants. Plus, in her written objection, MCSOClaimant842 did not provide any new information justifying an increase in her recommended monetary amount. With respect to MCSOClaimant855, the United States notes that she was only employed as a correctional officer less than half of the time (namely 2011 through 2015) comprising the eligibility period of January 1, 2011 through April 21, 2024.

Similarly, MCSOClaimant830, who filed a written objection and appeared at the hearing, was only employed in a covered position, namely corporal, a short time during the eligibility period. The

records reflect and MCSOClaimant830 acknowledges that while she was working as a corporal during the beginning of the eligibility period (January 1, 2011), she was promoted to a supervisory position a short time later, on June 8, 2013; thus, the window of recovery for her is quite short notwithstanding her near twenty-five years of employment with Defendant. The parties' Agreement, which was approved by the Court, established both the positions that were covered (as detailed in the complaint) and the period of eligibility. In approving the parties' Agreement, the Court did not hamper MCSOClaimant830's ability to pursue claims for alleged sexual harassment suffered in her supervisory positions. In other words, to the extent MCSOClaimant830 contends that her role as a disciplinary hearing officer or other supervisory position is subjecting her to the same harmful conduct as alleged in this action, she is free to vindicate her rights in a separate legal proceeding. Accordingly, the objections of MCSOClaimants830, 842 and 855 should be overruled.

E). The objections of Claimants in category #5, namely MCSOClaimants811, 822, 827, 852 should be overruled because they did not include the grounds for their objections. (Doc. 221-6). Accordingly, those objections should be overruled as not well-founded.

**IV. Conclusion**

Upon consideration of the United States' Motion for Final

Entry of Amended Proposed Monetary Relief List and Response to Objections and Supporting Memorandum,(Doc. 221), the parties' Agreement, the Claimants' written objections and information provided at the Fairness Hearing, the undersigned finds that the Amended Proposed Monetary Relief is fair, reasonable, adequate, and not the result of collusion.

Accordingly, the undersigned recommends that the United States' Motion for Final Entry of Amended Proposed Monetary Relief List (Doc. 221) be **GRANTED** and that the Amended Proposed Monetary Relief List (Doc. 221-1) be **APPROVED** and entered as the Final Monetary Relief List.

DONE this **27th** day of **June 2024**.

                                              **/s/ SONJA F. BIVINS**
                                              **UNITED STATES MAGISTRATE JUDGE**

NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in

accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R.3-1.

To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this **27th** day of **June 2024.**

                                           **/s/ SONJA F. BIVINS**
                                   **UNITED STATES MAGISTRATE JUDGE**